Volquez v Bronx 2120 Crotona Ave., L.P. (2025 NY Slip Op 01072)

Volquez v Bronx 2120 Crotona Ave., L.P.

2025 NY Slip Op 01072

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Index No. 806566/21|Appeal No. 3754|Case No. 2024-04747|

[*1]Angel Volquez, Plaintiff-Respondent,
v
Bronx 2120 Crotona Avenue, L.P., Defendant-Appellant.

Gallo Vitucci Klar LLP, New York (James Drexler of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered on or about July 5, 2024, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that defendant violated its duty under Administrative Code of the City of New York § 7-210 to maintain the sidewalk abutting its property in a reasonably safe condition by failing to repair the raised sidewalk flag on which plaintiff tripped (see Tropper v Henry St. Settlement, 190 AD3d 623, 624 [1st Dept 2021]). Plaintiff established that defendant had actual knowledge of the defective condition by submitting the deposition testimony of defendant's superintendent at the time of the accident, who testified that he first saw the height differential between the sidewalk flags about two years before plaintiff fell.
Contrary to defendant's contention, plaintiff established the location of the raised sidewalk flag by drawing a circle on the photograph marked at his deposition and testifying that the circle encompassed the exact location where he fell (see Lopez v 1675 Realty, 209 AD3d 407, 408 [1st Dept 2022]). Plaintiff also established that the height of the raised sidewalk constituted a trip hazard by submitting his investigator's affidavit that he went to the accident location about 12 days after plaintiff fell and took photographs that fairly and accurately show the sidewalk's condition. Those photographs show that there was a vertical grade differential between the adjacent sidewalk flags of at least one inch, which constitutes a tripping hazard under Administrative Code § 19-152(a)(4) and the Rules of City of New York Department of Transportation (34 RCNY) § 2-09(f)(5)(iv). In opposition, defendant submitted no evidence that raised a triable issue of fact as to where plaintiff fell or regarding the height differential between the sidewalk flags.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025